PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY RAMOS,

       Plaintiff,

  -v-                                                      18-CV-6210G
                                                                ORDER

Detective Sergeant CARL LUNDIN, et al.,

       Defendants.
_____

       Before the Court is *pro se* Plaintiff Gregory Ramos' Motion for Return of Filing Fee. ECF No. 15. In March of 2018, Plaintiff filed this action seeking relief under 28 U.S.C. § 1983. ECF No. 1 ("Complaint"). However, he failed to pay the fee or move to proceed *in forma pauperis* ("IFP"), and the action was administratively closed without assessing the filing fee. ECF No. 2. Subsequently, the Court received Plaintiff's Motion to proceed IFP. ECF No. 5. This included Plaintiff's Authorization to deduct the filing fee from his prison account, in which he expressly acknowledged that the fee would be assessed even if the action were dismissed. *Id*. at 3. By Order dated April 26, 2018, the Court granted Plaintiff's Motion to proceed IFP and conducted initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). ECF No. 6. The Court dismissed the Complaint for failure to state a claim on which relief may be granted, but granted leave to amend. *Id*.

       Upon receipt of this Court's Order dismissing with leave to amend, Plaintiff wrote to court staff indicating that he felt that the earlier, administrative closure order was dispositive and that the more recent order (ECF No. 6) was therefore a mistake. ECF No. 11. Plaintiff did not amend as permitted, and on February 12, 2019, the action was dismissed with prejudice. ECF No. 14. Plaintiff now seeks return of the filing fee, again attaching a copy of the Judgement (ECF No. 3)

administratively terminating the case for failure to pay the fee or move to proceed IFP.  ECF No. 15 at 2.  This again ignores this Court's subsequent Order granting Plaintiff's Motion to proceed IFP and permitting amendment of the Complaint.

As the Supreme Court has noted,

> Congress required prisoners to pay filing fees for the suits or appeals they launch. The provisions on fee payment, set forth in § 1915(b), read:
>
> (1) . . . [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.

*Bruce v Samuels*, 136 S. Ct. 627, 630 (2016).  Plaintiff's continued reliance on an order which has been superseded is misplaced.  His Motion to proceed IFP was granted, he was permitted to amend the Complaint, but chose not to do so, and ten months later the Complaint was dismissed with prejudice.  The filing fee was therefore properly assessed under § 1915(b), and his request to have the fee returned is in all respects DENIED.

The Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: September 15, 2020
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court